UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:08-cr-51 |
| v. | ) | |
| | ) | |
| MICHAEL KELLEY | ) | JORDAN / LEE |

**REPORT AND RECOMMENDATION**

**I.    Introduction**

Before the Court is the "Motion to Suppress the Results and Proceeds of Search of Michael Kelley's Home, and if necessary, that a <u>Franks v U.S.</u> Hearing be Held" [Doc. 129] filed by Defendant Michael Kelley.[1]  In the motion, Defendant seeks to suppress all evidence seized from a search of his residence at 4406 Kings Lake Court in Chattanooga, Tennessee pursuant to a search warrant.  The Government opposes the motion and the parties have filed memoranda in support of their respective positions [Doc. 150, 179 & 196].  The motion has been referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 200].  After careful review and consideration, I find no constitutional violation with respect to the search of Defendant's residence.  Thus, for the reasons set forth herein, I **RECOMMEND** that Defendant's motion to suppress evidence seized from his home be **DENIED**.

**II.    Search Warrant Affidavit**

The search warrant [Doc. 129-2] was issued by a state criminal court judge based on the ten page affidavit of Detective Andy Browne ("Browne") of the Hamilton County Sheriff's Office [Doc.

---

[1] Defendant's surname appears in the record as both "Kelley" and "Kelly."  As his surname is spelled "Kelley" in the Superseding Indictment, the Court will use that spelling herein.

129-3 & 150-2]. Browne's affidavit describes his extensive law enforcement experience and training. It describes the residence at 4406 Kings Lake Court and names the Defendant as the suspect and probable defendant. It describes the wiretap on another target suspected of central involvement in the large-scale distribution of controlled substances under investigation. It identifies Defendant as a co-conspirator in that illegal drug distribution. It identifies how the arrest of another co-conspirator lead to increased involvement in the conspiracy by Defendant. It provides information about the intercept of multiple calls in which Defendant discusses large amounts of money and drugs [*id.*].

Browne's affidavit also describes the events of March 5, 2008, including information received that indicated Defendant would be provided with a large sum of money for the purchase of drugs. It describes the March 5 surveillance and observations, including intercepted phone calls indicating Defendant was carrying a large sum of money for the purchase of cocaine. It describes a traffic stop initiated by law enforcement and the subsequent search of Defendant's vehicle after a canine alert and the discovery of a large sum of money [*id.*].

Browne's affidavit also describes certain intercepted calls and his opinion that the calls indicate illegal activity taking place at Defendant's residence. Browne also opines, based on his training and experience and based upon information from sources, surveillance and intercepts, that Defendant's home was a central location of the illegal activity of cocaine distribution and that evidence of a crime would be located there [*id.*].

**III.    Analysis**

Originally, Defendant submitted his motion, which requested a hearing "if necessary," without a supporting memorandum containing citation to legal support, an affidavit or other

2

evidentiary support in connection with his motion or request for a hearing. The Court ordered Defendant to supplement his request for a hearing with a concise statement of the factual and legal grounds which would allegedly justify the ruling sought from the Court [Doc. 153]. The supplemental brief filed by Defendant, however, does not include an affidavit or other evidentiary support for his request for a hearing or a single correct citation to case law in support of his motion [Doc. 179]. The Government replied to Defendant's supplemental brief arguing that Defendant was not entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), because he failed to identify any false statements in support of his request for a hearing [Doc. 196].

Defendant attempts to question the veracity of the information in Browne's affidavit in support of the March 18, 2008 search of Defendant's home, particularly with respect to information about the March 5, 2008 stop and search of Defendant's automobile and resulting seizure of $70,500. Defendant appears to focus on the facts set forth in Browne's affidavit concerning the reasons for the stop and search. Defendant claims:

> Two versions of the "stop" of the Defendant's vehicle have been set out. In the suppression motion pending for hearing on the warrant less (sic) search of defendant Kelly's automobile, it is alleged that the Hamilton County police department made a proper stop for "following too closely" and after that stop was able to search the car based on the questionable signs given by a "drug dog".
>
> In this affidavit, the allegations are that they had Kelly "under surveillance" throughout the day and did not stop him for a ticket and did not take any money from his car subject to a confiscation warrant. There is a state court confiscation hearing pending on the funds. One or the other of the stories must be true; the difference is that the one presented only here acts to make Kelly look culpable in drug dealing as an artificial support for the affidavit. The stop itself, producing cash in which Kelly was not arrested and nothing was done until he attempted to claim the stolen money to be returned. The taken money itself is not a sufficient basis for the issuance of a later warrant for the search of his home.

3

[Doc. 179 at unnumbered page 4-5].

Contrary to the above far-fetched claim, Browne's affidavit clearly recites the circumstances of the stop [Doc. 129-3 at 7-8 & 150-2 at 7-8] and provides probable cause for the search of the residence. A plain reading of the affidavit reflects a sequential explanation of events, not two versions of the stop as suggested by Defendant. To the extent Defendant's argument is premised on a claim that there are two different reasons for the stop, he has completely failed to demonstrate how this would entitle him to a *Franks* hearing as there has been no showing whatsoever by Defendant that any of the information in the affidavit constitutes a material misrepresentation by the affiant.[2] Under the doctrine set forth in *Franks*, in order to be entitled to the requested hearing, a defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit . . . ." 438 U.S. at 155-56.[3] If the defendant can make such a showing, he must then demonstrate that the allegedly false statement included in the warrant affidavit is necessary to the probable cause determination. *Id.* In the instant matter, Defendant has completely failed to make the required preliminary showing for a *Franks* hearing. Under these circumstances, and given that the underlying basis for Defendant's motion to suppress is that Browne's affidavit allegedly failed to set forth the requisite probable cause for the warrant authorizing the search of his home, a hearing is unnecessary.

---

[2] Defendant's arguments about a pretextual stop are addressed in a separate report and recommendation concerning his motion to suppress all evidence from the stop of his vehicle.

[3] *Franks* challenges may also be made on the basis of intentional or reckless omissions of fact from the warrant affidavit where such omissions, if known to the issuing magistrate, would dispel probable cause. *United States v. Atkins*, 107 F.3d 1213, 1217 (6th Cir. 1997). Again, Defendant has made no such showing.

4

Instead, this matter should be determined based on a review of the affidavit and warrant. The warrants's validity must stand or fall solely on the information provided within the four corners of the affidavit. *See United States v. Smith*, 182 F.3d 473, 480 n.2 (6th Cir. 1999); *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996); *United States v. Hatcher*, 473 F.2d 321, 323 (6th Cir. 1973). In *United States v. Johnson*, the United States Court of Appeals for the Sixth Circuit recited the following rules for reviewing a search warrant and its supporting affidavit:

> A magistrate's determination of probable cause is afforded great deference by the reviewing court and should only be reversed if arbitrarily made. Review of an affidavit and search warrant should rely on a totality of the circumstances determination, rather than a line-by-line scrutiny. Courts should review the sufficiency of the affidavit in a commonsense, rather than hypertechnical manner. Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place. Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.

351 F.3d 254, 258 (6th Cir. 2003) (internal citations and quotations omitted). The warrant should be upheld "as long as the magistrate had a 'substantial basis for . . . conclud[ing] that a search would uncover evidence of wrongdoing . . . .'" *Smith*, 182 F.3d at 477 (alteration and omissions in original) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)).

While again less than clear, it appears Defendant alleges Browne's affidavit is insufficient to justify the issuance of the warrant under "Aguilar and Spinelli" because the affiant did not testify from personal knowledge and instead relies upon hearsay from intercepts and his own expertise [Doc. 179 at unnumbered page 2-3]. Assuming Defendant meant to refer to *Aguilar v. State of Texas*, 378 U.S. 108 (1964) and *Spinelli v. United States*, 393 U.S. 410 (1969), he makes no showing of how application of these precedents would result in suppression in this case. To the contrary, it

5

is well established that a magistrate may give considerable weight to the conclusions of experienced law enforcement officers, such as Browne, when issuing a search warrant. *United States v. Lawson*, 999 F.2d 985, 987 (6th Cir. 1993). And, it is equally well established that a magistrate may rely on hearsay evidence in making a probable cause determination. *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003).

The Defendant also argues for suppression because the warrant issued for the search of Defendant's home was not issued by the same state criminal court judge who issued the orders authorizing the wiretaps. Defendant apparently contends it was improper for information learned from the wiretaps to be included in Browne's affidavit because it was presented to a judge other than the judge authorizing the wiretaps. Defendant also contends the wiretap information was used contrary to the stated basis in the wiretap orders. Defendant, however, does not support these arguments with any authority supporting suppression. The wiretaps orders state: "Duplicate recordings may be made at any time after being SEALED without further order from this Court for use or disclosure for investigatory purposes and disclosure in a criminal prosecution as permitted by law." [Doc. 117-2 at 55, 117-3 at 55 & 157-2 at 30]. Thus, Defendant also completely ignores the express authorization in the wiretap orders permitting use or disclosure of intercepts for investigatory purposes, as argued by the Government.

The totality of the circumstances described in Browne's affidavit clearly supports a finding of probable cause for the search of Defendant's home. Defendant's arguments to the contrary, which are either completely unsupported or appear to be based on an incomplete reading of the affidavit, fail.

6

## IV. Conclusion

For the reasons stated herein, I **RECOMMEND** that Defendant's motion to suppress evidence seized from his home [Doc. 129] be **DENIED**.[4]

                                       s/*Susan K. Lee*
                                       SUSAN K. LEE
                                       UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this report and recommendation must be served and filed within ten days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).