IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:08-CR-51 |
| | ) | |
| MICHAEL KELLEY | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's objections to the magistrate judge's report and recommendation that the defendant's motion to suppress the evidence seized from his vehicle be denied [doc. 207]. The government has filed an "omnibus" response to all the defendants' objections [doc. 233]. The court has been supplied with a video of the traffic stop and the exhibits introduced at the suppression hearing; however, a transcript of the suppression hearing has not been prepared. For the reasons stated below, the defendant's objections will be overruled.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001). In this case, the defendant's objections consist only of a citation to

"the same grounds raised in his motion, supplemental filings and argument at the hearing."

Although a transcript of the suppression hearing ordinarily would be necessary for this court's *de novo* review, in this case the defendant has not raised any specific objections to the magistrate judge's findings of fact. Furthermore, the court finds that the magistrate judge's findings of fact are fully supported by the video of the stop and the exhibits presented at the suppression hearing. Therefore, the court will adopt the magistrate judge's findings of fact in their entirety.

As to the magistrate judge's conclusions of law, the court has reviewed *de novo* the defendant's pleadings and the report and recommendation and can find no error. First, the defendant argues that there was no basis for the traffic stop of his vehicle. Officer Ritter testified that he stopped the defendant's vehicle because he was following another vehicle too closely while traveling at a high rate of speed. The defendant does not argue that he did not commit the traffic offense, but rather that the stop was an excuse to search for contraband. As discussed by the magistrate judge, however, the officer's subjective reason for stopping the vehicle is irrelevant as long as the officer has probable cause to believe that a traffic violation has occurred (citing to *Whren v. United States*, 517 U.S. 806, 813 (1996)). The court adopts the magistrate judge's conclusion that Officer Ritter had probable cause to stop the defendant's vehicle.

2

Second, the defendant appears to argue that there was no probable cause to detain him beyond the purpose of the stop or to request permission to search his vehicle. Contrary to the defendant's assertions, Officer Ritter had reliable information prior to the stop that the defendant would be traveling to Atlanta with a large amount of cash to purchase cocaine. Also, the request to search occurred within only a few minutes of the stop. When the defendant refused, the drug dog was deployed by Officer Thompson, the dog alerted on the car, and the money ($69,500.00) was found, all within fifteen minutes of the initial stop. The court agrees with the magistrate judge that under the totality of the circumstances the brief detention of the defendant and the scope of the stop were reasonable.

Third, the defendant suggests that the drug dog did not alert on his car, and even if he did, his alert was false because no drugs were found in the car. The evidence as set out by the magistrate judge, however, is to the contrary. Officer Ritter and Officer Thompson both testified that the dog alerted. Further, a photograph of the scratches on the defendant's vehicle demonstrate that the dog alerted to the presence of narcotics. Next, the magistrate judge found, and this court agrees, that once the dog alerted the officers had probable cause to search the vehicle including the trunk where the money was found (citing to *United States v. Burnett*, 791 F.2d 64, 67 (6th Cir. 1986)).

3

Finally, the defendant argues that there was no basis for the seizure of the money found in the trunk of his vehicle and on his person. The court, however, agrees with the magistrate judge that the officers reasonably believed, based on their prior information, that the money was on its way to Atlanta to purchase cocaine. The fact that the defendant had another explanation for possessing the money (which he initially denied possessing); that is, going to Atlanta to buy items for his restaurant, does not make its seizure unreasonable. He was given the opportunity to prove that the money was for this purpose under the Tennessee forfeiture law and evidently could not do so.

Having reviewed *de novo* the pleadings, the exhibits including the video, and the report and recommendation the court can find no error in the magistrate judge's findings of fact and conclusions of law, and the report and recommendation is **ADOPTED** in its entirety. It is hereby **ORDERED** that the defendant's objections to the report and recommendation are **OVERRULED**, and the defendant's motion to suppress the evidence seized as a result of the search of his vehicle [doc. 128] is **DENIED**.

ENTER:

*s/ Leon Jordan*
United States District Judge