IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:08-CR-51 |
| | ) | |
| MICHAEL KELLEY | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's objections to the magistrate judge's report and recommendation that the defendant's motion to suppress the search of his home be denied [doc. 208]. The government has filed an "omnibus" response to all the defendants' objections [doc. 233], and the court has been supplied with a copy of the search warrant authorizing the search of the defendant's home. For the reasons stated below, the defendant's objections will be overruled.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th

Cir. 2001). In this case, the defendant's objections consist only of a citation to "the same grounds raised in his motion, and the supplemental findings." He also asks this court to conduct a *Franks* hearing.

The court has reviewed *de novo* the defendant's pleadings, the search warrant, and the magistrate judge's report and recommendation, and will adopt the report and recommendation in its entirety. First, the court concludes that there is no infirmity concerning the search warrant itself. The defendant focuses his complaint on the circumstances related to the stop of his vehicle and the seizure of a large amount of cash, and argues that the stop and seizure of the cash are not sufficient to support the issuance of the warrant to search his home. Further, he objects to the fact that the search warrant was issued by a different judge than the judge who authorized the wire taps – wire taps which provided part of the probable cause for the warrant. The court finds these arguments to be totally without merit.

As set out by the magistrate judge, under a totality of the circumstances the affidavit in support of the search warrant provides the necessary probable cause for the issuance of the warrant. The affidavit sets out the detective's experience, the nature of the narcotics investigation that led him to believe that the defendant Michael Kelley was involved in the distribution of cocaine, the circumstances of the stop of the defendant's vehicle and the seizure

of the cash, and the wire tap information that connected the premises to be searched with the defendant's alleged distribution of cocaine.

The defendant also requests that this court conduct a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). However, this court agrees with the magistrate judge that the defendant has not made a sufficient showing to justify such a hearing. He has not cited to any material misrepresentations or omissions of fact that would dissipate the probable cause set out in the affidavit. In the absence of such a showing, there is no need for a *Franks* hearing. *Id.* at 155-56.

Having reviewed *de novo* the pleadings, the search warrant, and the report and recommendation the court can find no error in the magistrate judge's findings of fact and conclusions of law, and the report and recommendation is **ADOPTED** in its entirety. It is hereby **ORDERED** that the defendant's objections to the report and recommendation are **OVERRULED**, and the defendant's motion to suppress the evidence seized as a result of the search of his home [doc. 129] is **DENIED**.

ENTER:

        *s/ Leon Jordan*
United States District Judge