IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:08-CR-51 |
| | ) | |
| MICHAEL KELLEY | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's objections to the magistrate judge's report and recommendation that the defendant's motion to suppress the evidence obtained as a result of the wiretaps on the defendant's telephones be denied [doc. 221]. The government has filed an "omnibus" response to all the defendants' objections [doc. 233], and the court has been supplied with a copy of the affidavits in support of the wiretaps [exh. to doc. 108]. For the reasons stated below, the defendant's objections will be overruled.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001). In this case, the defendant's objections consist only of a citation to "the same grounds raised in his motion, and the supplemental findings." He also asks this court to conduct a *Franks* hearing. In his motion to suppress the wiretap evidence [doc. 127], the defendant joined and incorporated the motion, brief, and exhibits of his co-defendant Gerald Cunningham [doc. 108].

        The court has reviewed *de novo* the defendant's pleadings, including Cunningham's motion, brief, and exhibits (the wiretap affidavits), and the magistrate judge's report and recommendation, and will adopt the report and recommendation in its entirety. First, the court agrees with the magistrate judge that the wiretap affidavits and applications satisfy the "necessity" requirement of Title III. The affidavits set out the techniques that had been used and others that had not been tried and explained why they were not adequate to further the investigation of the scope and members of the drug conspiracy. Keeping in mind that there is no requirement that the "government . . . prove that every other conceivable method has been tried and failed or that all avenues of investigation have been exhausted," the affidavits were adequate to establish the necessity of using a wiretap on the defendant's telephones. *See United States v. Alfano*, 838 F.2d 158, 163 (6th Cir. 1988).

Second, the affidavits provided sufficient probable cause for a finding that the defendant was a member of the drug conspiracy under investigation and a wiretap of his phones was necessary. The defendant was clearly connected to other conspirators as evidenced by conversations captured as a result of other wiretaps, especially conversations with co-conspirator Demarcus Akins. These conversations showed that the defendant was involved in the conspiracy and that the wiretaps were necessary to further the investigation of the scope of the conspiracy.

Finally, as to the defendant's request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), this court agrees with the magistrate judge that the defendant has not made a sufficient showing to justify such a hearing. He has not cited to any misrepresentations or omissions of fact in the affidavits that were material to a finding of necessity and probable cause. In the absence of such a showing, there is no need for a *Franks* hearing. *Id.* at 155-56.

As set out by the magistrate judge, the court finds that the affidavits and applications for the wiretaps met the necessity and probable cause requirements, and the wiretaps were properly authorized. Having reviewed *de novo* the pleadings, the affidavits, and the report and recommendation, the court can find no error in the magistrate judge's findings of fact and conclusions of law, and the report and recommendation is **ADOPTED** in its entirety. It is hereby

3

**ORDERED** that the defendant's objections to the report and recommendation are **OVERRULED**, and the defendant's motion to suppress evidence obtained as a result of the wiretaps [doc. 127] is **DENIED**.

ENTER:

    *s/ Leon Jordan*
United States District Judge