IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:08-CR-51 |
| | ) | |
| MICHAEL KELLEY | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's objections to the magistrate judge's report and recommendation that the defendant's motions to dismiss Counts Two, Three, Four, Six, and Seven of the Superseding Indictment be denied [doc. 220]. The government has filed an "omnibus" response to all the defendants' objections [doc. 233]. For the reasons stated below, the defendant's objections will be overruled.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001). In this case, the defendant's objections consist only of a citation to "the same grounds raised in his motion, and the supplemental filings."

The court has reviewed *de novo* the defendant's pleadings [docs. 125, 126, 174, and 176][1] and the magistrate judge's report and recommendation [doc. 210], and will adopt the report and recommendation in its entirety. First, as to the money laundering charge in Count Two of the Superseding Indictment, the court finds that the allegations are sufficient to put the defendant on notice of the charge against him. The defendant's reliance on *Cuellar v. United States*, 128 S. Ct. 1994 (2008) is also misplaced. In *Cuellar*, the Supreme Court held that the "transportation" clause of the money laundering statute required more than mere concealment of money; rather, it requires a showing that the funds were concealed to hide the nature, location, source, ownership or control of the funds. *Id.* at 2006. The defendant has not been charged under the "transportation" clause of the money laundering statute, and the government stated in its response that it intended to prove more than just the hiding and carrying the

---

[1] Documents 174 and 176 were filed by the defendant *pro se*. As noted by the magistrate judge, Local Rule 83.4(c) prohibits *pro se* filings by a party who is represented by counsel. This court finds that these motions must be dismissed.

money found in the defendant's car.[2]  A motion to dismiss this count is not appropriate at this time.

As to the money laundering charges in Counts Three and Six, this court agrees with the magistrate judge that even if the funds were in the custody of the State of Tennessee, the Superseding Indictment sufficiently advises the defendant of the charges.  Whether the government can meet its burden of proof on each of the elements of money laundering as they are defined in the statute and case law is a matter for the jury to decide.

Counts Four and Seven charge the defendant with obstruction of justice.  The charges are based on the defendant's and others' alleged attempts to falsify documents so the money seized from the defendant would be returned. Contrary to the defendant's arguments, the statute does not require that an "official proceeding" be pending or that the defendant knew about the official nature of the proceedings.  18 U.S.C. § 1512(f) and (g).  Thus, there is no reason to dismiss these counts before the government has an opportunity to put on its proof.

As set out by the magistrate judge, the court finds that Counts Two, Three, Four, Six and Seven are sufficient to advise the defendant of the charges against him and enable him to plead double jeopardy in a subsequent proceeding

---

[2]  The court notes that the government will not only have to prove the elements of money laundering, but also that the money was "proceeds" as discussed in *United States v. Santos*, 128 S. Ct. 2020 (2008).

3

if necessary. Having reviewed *de novo* the pleadings and the report and recommendation, the court can find no error in the magistrate judge's findings of fact and conclusions of law, and the report and recommendation is **ADOPTED** in its entirety. It is hereby **ORDERED** that the defendant's objections to the report and recommendation are **OVERRULED**, and the defendant's motions to dismiss Counts Two, Three, Four, Six and Seven of the Superseding Indictment [docs. 125, 126, 174, and 175] are **DENIED**.

ENTER:

    *s/ Leon Jordan*
United States District Judge