UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No.: 1:08-CR-051 |
| | ) | |
| MICHAEL KELLEY | ) | |

# **O R D E R**

In his criminal case, the defendant has moved, *pro se* and pursuant to Federal Rule of Criminal Procedure 41(g), for the return of jewelry and money allegedly seized by law enforcement officers upon his arrest. That motion and a related motion for discovery [docs. 422, 427] were referred to United States Magistrate Judge Susan K. Lee for report and recommendation.

Now before the court are Magistrate Judge Lee's original and supplemental reports and recommendations (collectively, "R&R"), recommending that the defendant's motions be denied. [Docs. 437, 463].[1] Also before the court are the defendant's objections to the R&R. [Docs. 441, 464].

The court has carefully considered the R&R and the evidence presented. The court has also carefully considered the myriad arguments found in the defendant's motions, objections, and other filings. For the reasons provided herein, the court will adopt the R&R in full. The defendant's objections will be overruled and his pending motions will be denied.

---

[1] The R&R also recommends that defendant's motion for default [doc. 430] and motion for leave to submit interrogatories [doc. 436] also be denied.

I.

*Background*

The R&R satisfactorily sets forth the pertinent facts. In brief, the defendant was arrested on May 31, 2008, by Deputy United States Marshal Jason Ladd and Chattanooga Police Department / Alcohol, Tobacco, and Firearms Task Force Officer Freeman following a traffic stop. According to the motion for return of property, the arresting officers seized nearly $20,000.00 of jewelry and $900.00 in cash from the defendant when they arrested him. According to Deputy Marshal Ladd, the arresting officers placed the jewelry and cash in the defendant's vehicle with the defendant's driver, Kathleen Muckle, with the defendant's consent.

II.

*Standard of Review*

This court is both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." *See id.*; 28 U.S.C. § 636(b). A district court need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

III.

*Objections*

A. "The Real Background Facts"

By his first objection, the defendant argues that the factual findings in the magistrate judge's first report and recommendation are "erroneous." The defendant then devotes nine pages [doc. 441, p. 1-9] to a discussion of a prior unrelated traffic stop, contending that is "the real background facts and evidence."

The defendant's "real background facts and evidence" are not material to the motions now before the court. His objection is frivolous, merits no further review, and will be overruled.

B. Deputy Marshal Ladd's Report of Investigation

The magistrate judge concluded that the arresting officers did not seize the defendant's property. Instead, the magistrate concluded that the officers placed that property back in the vehicle with Ms. Muckle.

Among the evidence relied upon by the magistrate was Deputy Marshal Ladd's June 2, 2008 Report of Investigation. [Doc. 428, ex. 1]. The defendant objects that the report should have been stricken because it is unsigned and because it was allegedly not prepared until almost nine years after his arrest.

The mere fact that the Report of Investigation is unsigned does not persuade the court that the document is not "what the proponent claims it is." Fed. R. Evid. 901(a). As to the date of the document's creation, the defendant refers to "03/21/2017 3:47 PM

EDT" appearing at the bottom of each page. Plainly, that is the date and time of the printing of the copy of the report that was filed with the court—not the date that the document was prepared. The report states that it was prepared on June 2, 2008, and the court finds no reason to conclude otherwise.

The defendant's objection will be overruled.

### C. Deputy Marshal Ladd's Declaration / Affidavit

The magistrate judge also relied upon the un-notarized affidavit of Deputy Marshal Ladd [doc. 428, ex. 2], subject to the record being supplemented by "either a *notarized* sworn affidavit or a proper declaration that complies with the requirements of 28 U.S.C. § 1746 . . . ." [Doc. 437, p. 6, n. 3]. As directed by the magistrate, the United States supplemented the record with a properly sworn, signed, and dated declaration. [Doc. 440, ex. 1].

The defendant objects that magistrate should have stricken Ladd's affidavit rather than directing that a corrected version be filed. The court would simply note that, had it instead been the defendant who submitted a material affidavit or declaration containing a clerical error, the court would have afforded the defendant the same opportunity to correct his oversight. The defendant's objection will be overruled.

### D. "Judicial Legislation" by the Magistrate Judge

In her initial report and recommendation, the magistrate judge lists the items allegedly seized by the arresting officers. [Doc. 437, p. 4, n. 2]. The defendant objects

that, in so doing, the magistrate engaged in "judicial legislation rather than the exercise of judicial discretion which is tailored to the facts of the property."

This objection is wholly frivolous. The magistrate judge listed the very same items that the defendant's motion alleges were seized. [Doc. 422, p. 1]. This objection will be overruled.

### E. Motion for Civil Contempt

By order entered March 22, 2018 [doc. 454] the magistrate judge directed the United States to supplement its response [docs. 448, 449] to the defendant's motion for discovery [doc. 427] no later than April 21, 2018. The following day, on March 23, 2018, an additional Assistant United States Attorney filed a notice of appearance on behalf of the government. [Doc. 455]. On April 19, 2018, that Assistant United States Attorney moved for an additional 14 days to file the supplemental response. [Doc. 456]. On April 23, 2018, the magistrate judge granted that motion for good cause shown, even though the defendant's time to object had not yet expired. [Doc. 457]. On May 7, 2018, the United States timely filed its supplemental response. [Doc. 460].

This series of events caused the defendant to file a "Motion for Civil Contempt." [Doc. 461]. Therein, the defendant complained that the United States switched attorneys without notifying him or complying with this court's local rules. He further argued that the United States' alleged missteps rendered its supplemental response either untimely or a nullity. As a sanction for that purportedly contemptuous conduct, the defendant moved for entry of a default judgment in his favor on the motion for

return of property. The magistrate denied the contempt motion because the United States' supplemental response was in fact timely filed. [Doc. 463, p. 1, n. 1].

The defendant now objects to the denial of his motion for civil contempt. Again, the defendant presents a completely frivolous objection. The second Assistant United States Attorney who appeared in this case properly filed a notice of appearance and mailed the defendant a copy of that filing. [Doc. 455]. Further, as noted above, the United States' supplemental response was timely filed. The defendant's "Motion for Civil Contempt" was therefore correctly denied by the magistrate judge. This objection will be overruled.

### F. "Second Bite at the Apple"

The defendant next objects that, in directing the government to file the previously-referenced supplemental response, the magistrate judge improperly offered the United States a "second bite at the apple." The defendant misapprehends and/or misrepresents the magistrate's ruling.

In his motion for discovery, the defendant requested "the June 2008 traffic stop arrest video." [Doc. 427, p. 3]. In her order directing a supplemental response, the magistrate judge <u>agreed with the defendant</u> that certain questions remained unaddressed regarding the existence of that video. [Doc. 454, p. 2]. As such, <u>to ensure that the defendant received his requested discovery if such evidence existed</u>, the magistrate ordered the supplemental response. She did so on the defendant's behalf—

not to give the United States a "second bite at the apple." The defendant's objection will be overruled.

### G. First Declaration of Robert Pettross

As part of it supplemental response, the United States submitted the un-notarized affidavit of Chattanooga Police Department civilian employee Robert Pettross. [Doc. 448, ex. 1]. The defendant objects that it was error for the magistrate judge to consider that document because it was not "a sufficient declaration."

The magistrate correctly noted in her supplemental report and recommendation that the Pettross document had been inartfully captioned as an "affidavit." [Doc. 463, p. 3]. However, the magistrate went on to correctly observe that the document "comport[ed] with 28 U.S.C. § 1746, making it a proper declaration for consideration by the Court." *Id.* Accordingly, there was no error. The defendant's objection will be overruled.

### H. Request for "Independent Computer Specialist"

In January 2018, the defendant requested "an independent computer specialist" to search the law enforcement officers' vehicles and "highway 153 interstate cameras," along with a hearing in which the defendant could cross-examine Mr. Petross, all for the purpose of locating video of his arrest. [Doc. 451]. In her supplemental report and recommendation, the magistrate judge found that the evidence establishes that no Marshal's Service video ever existed, and that any video in the possession of the Chattanooga Police Department was purged long ago pursuant to department policy.

The defendant objects on all these points and "requests a de novo review of the complete record regarding his motion for return of property and request for discovery."

The defendant's objection is conclusive and general. *De novo* review therefore is not warranted. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). For the same reasons articulated in the supplemental report and recommendation, the court agrees that the evidence presented in this case credibly establishes that there is no longer (if there ever was) video of the defendant's arrest. The defendant has not carried his burden of establishing otherwise, and as such he cannot demonstrate a need for the requested extraordinary measures. His objection will be overruled.

### I. Consent Hearing

Next, the defendant objects that he should receive a hearing on the issue of whether he consented to his property being placed in the custody of his associate Kathleen Muckle. This issue is irrelevant. The court is in complete agreement with the magistrate judge. The evidence presented by the United States credibly establishes that the arresting officers never seized the defendant's alleged property.

In his motion for return of property, the defendant wants his jewelry and money back <u>from the United States</u>. The United States does not have those items and it never did. Whether or not the defendant consented for those items to be placed with Ms. Muckle is irrelevant to the issue presented by the defendant in his motion for return of property. As stated by the magistrate judge, "the Court cannot order the Government to return property that it no longer possesses."

8

The defendant's objection will be overruled.

J. *Bivens*

The defendant next faults the magistrate judge for not recommending that he be allowed to file a *Bivens* claim against the arresting officers. As already noted, the undersigned has carefully considered the record and is in complete agreement with the magistrate judge that no seizure occurred—unconstitutional or otherwise. As such, a *Bivens* action would be futile. *See generally Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The defendant's objection will be overruled.

IV.

*Remaining Motions*

As initially noted herein, the R&R recommends denial of all the defendant's pending motions. By a final and catchall objection, the defendant asks for *de novo* review of every pending motion. This objection, again, is conclusive, general, and insufficient to warrant *de novo* review. *Mira*, 806 F.2d at 637. The court will nonetheless briefly address each remaining motion.

A. Motion for Discovery

Filed in November 2016, the defendant's motion for discovery seeks three things: the names of the arresting officers; video of his arrest; and any statements of the arresting officers regarding the arrest and alleged seizure of property. [Doc. 427]. Over the course of this litigation, the defendant has in essence been provided the

requested items, to the extent such items exist. His motion for discovery will accordingly be denied as moot.

### B. Motion for Default

In March 2017, the undersigned ordered the government to file a supplemental response to the defendant's motion for return of property no later than April 26, 2017. [Doc. 425]. On March 29, 2017, the government complied with that order. [Doc. 428]. The defendant nonetheless moved for default, arguing that the government never filed its supplemental response. [Doc. 430]. The defendant's motion is based on a faulty premise (because the government *did* file a supplemental response as directed). The motion will be denied.

### C. Motion for Leave to Submit Interrogatories

In June 2017, the defendant moved for leave to submit interrogatories upon the United States, Deputy Marshal Ladd, and Agent Freeman. [Doc. 436]. Those interrogatories are largely answered by the evidence submitted by the United States and, as noted by the magistrate judge [doc. 437, p. 7, n. 4], are otherwise irrelevant. The motion will be denied.

### D. Motion to Strike

The United States filed a notice of no objection to the magistrate judge's initial report and recommendation. [Doc. 443]. The defendant moved to strike that filing, deeming it "silly belief" with "no substance." [Doc. 444].

It is not generally improper for a party to file a notice of no objection to a report and recommendation, nor is there anything improper about the specific notice filed by the government in this case. The motion will be denied.

V.

*Conclusion*

Finding itself in complete agreement with the magistrate judge, the court **ADOPTS** the findings of fact and conclusions of law set out in the R&R [docs. 437, 463]. The defendant's objections to the R&R [docs. 441, 464] are **OVERRULED** in their entirety.

Further, for the reasoning provided herein, the defendant's motion for return of property [doc. 422] is **DENIED**. Also **DENIED** are the defendant's motion for discovery [doc. 427], motion for entry of default [doc. 430], motion for leave to submit interrogatories [doc. 436], and motion to strike [doc. 444].

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge